IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL LOWRY                                                                                  PETITIONER

vs.                              Case No. 5:08CV00082 SWW-HLJ

LARRY NORRIS, Director
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Michael Lowry. On June 5, 2003, a Saline County Circuit Court jury convicted Lowry of first degree stalking, arson, and eleven counts of violation of a protective order and sentenced him to 360 months' imprisonment in the Arkansas Department of Correction. Lowry appealed to the Arkansas Court of Appeals and argued six grounds for reversal:

    1. The trial court erred in denying his motion for directed verdict on the charge of first-degree stalking;

    2. The trial court erred in denying his motion for directed verdict on the charge of arson;

    3. The trial court erred in admitting evidence of a letter postmarked July 6, 2002, in

violation of Arkansas Rule of Evidence 402;

    4. The trial court erred in allowing testimony regarding two incidents involving damage to the victim's personal property in violation of Arkansas Rule of Evidence 402;

    5. The trial court abused its discretion in denying his pre-trial motion for continuance; and

    6. The trial court erred in allowing the testimony of James Heath over his objection due to the prosecuting attorney's failure to disclose Heath's identity pursuant to Ark. R. Crim. P. 17.1.

(DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit B)

The Arkansas Court of Appeals reversed and remanded the case for a new trial, holding the trial court erred in permitting Heath to testify in the State's case when he was not disclosed to Lowry as a witness prior to trial and abused its discretion by failing to grant a continuance when counsel for Lowry had received a voluminous amount of the State's discovery just days prior to the trial, which affected the defense's trial strategy and severely limited counsel's ability to prepare for trial. *Lowry v. State*, 90 Ark. App. 333, 205 S.W.3d 830 (2005). The State of Arkansas petitioned the Arkansas Supreme Court for discretionary review, and on April 5, 2007, the court reversed the Court of Appeals' decision and affirmed the trial court. *Lowry v. State*, 364 Ark. 6, 216 S.W.3d 101 (2005). Lowry thereafter filed a petition for post-conviction relief. (DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit D) The Saline County Circuit Court denied the petition (DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit E), and Lowry appealed to the Arkansas Supreme Court and argued three points:

1. The order denying post-conviction relief was insufficient because it failed to find that the record of the case conclusively showed that his claim of ineffective assistance of counsel for failure to seek suppression of certain evidence was without merit;

2. The trial court erred in failing to find ineffective assistance of counsel for failure to seek suppression of the same evidence; and

3. The trial court erred in failing to find ineffective assistance of counsel for failure to request an instruction as to the common law presumption against arson.

By per curiam opinion, the Arkansas Supreme Court affirmed the order denying post-conviction relief. (DE #4, Response to Petition for Writ of Habeas Corpus, Exhibit F) Lowry raises five grounds in the habeas petition now before the court. They include:

1. His warrantless arrest violated the Fourth and Fourteenth Amendments;

2. The warrantless search of his home and seizure of property violated his Fourth Amendment right against unreasonable searches and seizures;

3. The testimony of James Heath, who was not identified during discovery and was allowed to testify despite objections, violated the Fourteenth Amendment;

4. The denial of the motion for continuance, following the State's presentation of additional discovery materials two days prior to trial, violated the Fourteenth Amendment; and

5. Although a record reconstruction proceeding took place after the court reporter admitted that she kept no record of bench conferences, in-chamber proceedings, or reading of the jury instructions, the court reporter failed to transcribe one of the most important in-chamber proceedings regarding the jury's request for information in violation of the Fourteenth Amendment.

(DE #1, Petition for Writ of Habeas Corpus) Respondent admits Petitioner is in his custody pursuant to these convictions and that he does not have any non-futile state remedies available to him, but he contends the petition should be dismissed.

4

*A. Ground One*

Petitioner asserts in ground one that his Fourth and Fourteenth Amendment rights were violated because "[o]fficers came to my home in the middle of the night without an arrest warrant and arrested me even though Detective Long states on the record his intent was to 'find Lowry and arrest him.'" (DE #1, Petition for Writ of Habeas Corpus, p. 4-5) Illegality of an arrest does not invalidate a subsequent conviction, unless the circumstances are so egregious as to shock the conscience. *See Davis v. Muellar*, 643 F.2d 521 (8th Cir.) *cert. denied*, 454 U.S. 892 (1981) (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Frisbie v. Collins*, 342 U.S. 519 (1952); *Pruitt v. Hutto*, 542 F.2d 458, 459 (8th Cir. 1976). The facts of this case simply do not suggest the type of shocking conduct that would provide grounds for granting habeas relief under ground one.

*B. Ground Two*

Petitioner states in ground two that there was a violation of his Fourth Amendment right against unreasonable search and seizures when officers "conducted a search and seized property in my home as evidence without first obtaining a search warrant." (DE #1, Petition for Writ of Habeas Corpus, p. 5) If Petitioner is asserting that evidence from the allegedly illegal search was admitted at trial, it has long been settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 482

(1976).

> It is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that bars federal habeas corpus consideration of claims under *Stone*. "[I]f state procedures afford the defendant in a criminal case the opportunity to [fully and fairly] litigate whether evidence obtained in violation of the fourth amendment should be excluded ... then *Stone v. Powell* precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity."

*Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir.1981). Moreover, "[t]he *Stone* bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim." *Id*. "To show that he was not afforded an opportunity for full and fair litigation of his claim, [a petitioner] would have to show that the State 'provided no corrective procedures at all to address the alleged Fourth Amendment violation' or that the State 'provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.'" *Chavez v. Weber*, 497 F.3d 797, 802 (8th Cir.2007) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir.1994) ( en banc ) (adopting test set forth in *Capellan v. Riley*, 975 F.2d 67, 71 (2nd Cir.1992)) (quotation marks omitted and emphasis removed).

Here, Petitioner could have raised ground two in a motion to suppress evidence, pursuant to Ark. R. Crim. P. 16.2, but he failed to avail himself of the state court processes to litigate his Fourth Amendment claims. Consequently, the State provided a corrective procedure for addressing the claim, and Petitioner does not allege he was precluded from pursing those avenues. Thus, <u>Stone</u> precludes federal habeas corpus consideration of ground

two.

## C.  Ground Three

In ground three, Petitioner contends the trial court erroneously admitted the testimony of tow truck driver James Heath.  On direct appeal, Petitioner argued only that the prosecutor failed to disclose Heath pursuant to Ark. R. Crim. P. 17.1 and that the trial court erred in allowing Heath's testimony.  In reviewing a habeas petition, this court is limited to deciding whether a conviction has violated the Constitution, laws or treaties of the United States.  28 U.S.C. §§ 2241(c)(3), 2254(a) & (d); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A "habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277-78 (1971)).  To "fairly present" his claim, the petitioner must present the same facts and legal theories to the state court that he later presents to the federal courts.  The federal legal theory or theories must plainly appear in the face of the petitioner's state-court briefs. *See Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980) (holding that petitioner failed to present federal claim to state courts because state-court brief was "without citation to any provision of the Federal Constitution or to any federal case").

The Petitioner made no mention of the Constitution, laws or treaties of the United States in his appellate brief.  Therefore, he did not fairly apprise the state court of the federal claim he now alleges in ground three.  Thus, the court concludes Petitioner has procedurally defaulted the claim unless he can establish cause and prejudice for the default or show that

a failure to review the claim results in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (if a petitioner has not properly presented his claim to the state courts, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), requires him to demonstrate adequate cause for this default and actual prejudice resulting from the constitutional violation he asserts.); *Murray v. Carrier*, 477 U.S. at 495 (1986) (if the petitioner is unable to satisfy the cause and prejudice requirement, the court may still consider the claim if he establishes a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice."). *See also House v. Bell*, 547 U.S. 518, 522 (2006)(finding petitioner made "stringent showing" necessary for actual innocence exception to apply). Petitioner has failed to demonstrate cause for the procedural default of his claim or prejudice from the alleged constitutional violation. Additionally, Petitioner has failed to present evidence to establish an actual innocence claim. Ground three is procedurally barred.

Even assuming the argument was not procedurally barred, Petitioner would not be entitled to relief. "In the habeas context, '[q]uestions regarding admissibility of evidence are matters of state law.'" *Garcia v. Mathes*, 474 F.3d 1014, 1017 (8th Cir. 2007) (citing *Rousan v. Roper*, 436 F.3d 951, 958 (8th Cir.) (quotation omitted), *cert denied*, 549 U.S. 835 (2006)). "'A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process.'" *Id*. (citing *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir.), *cert. denied*, 549 U.S. 1079 (2006)). "'The

[applicant] must show that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair.'" *Id.* (citing *Rousan*, 436 F.3d at 958-59) (quotation omitted).  Petitioner cannot make such a showing here.

The jury convicted Petitioner of burning the cars of his former girlfriend and her daughter.  James Heath, who the State planned to use as a rebuttal witness, was called as a witness in the State's case-in-chief, after Petitioner's counsel in her opening statement argued in essence that the victim framed him by planting gasoline at the scene subsequent to the vehicles being towed.  At trial, Heath testified that he owned East End Towing and that he was called to scene to retrieve the cars.  (DE #5, Response to Petition for Writ of Habeas Corpus, Exhibit G, Volume 5, p. 406)[1]  He stated on direct examination that he loaded the burned vehicles onto his flatbed truck and that he noticed gasoline pouring out of the them and onto the ground.   (DE #5, Response to Petition for Writ of Habeas Corpus, Exhibit G, Volume 5, p. 406-07)  On cross-examination, Heath testified that he took cars one-by-one. Id. at 407.  He said that he stood at the rear of the flatbed truck when he wenched each vehicle and that gasoline "probably was coming out of both of them."  Id. at 408.  Heath clarified for defense counsel that, although he wenched the cars from the rear, he saw gasoline come out of the front of the Maxima where the engine compartment was located.

---

[1]The transcript pages are numbered at the top and bottom of each page.  The court's reference is to the bottom number.

Id. Heath stated he took the cars to the impound and smelled gasoline for days. Id. at 409. On appeal, the court held that "any error in allowing Heath to testify in the State's case-in chief, even though he was a true rebuttal witness, was made harmless when defense counsel painted the picture of a woman scorned during opening statement, suggesting to the jury that the gasoline could only be smelled after the fire had been extinguished because [the victim] intentionally poured gasoline on her own property to frame Lowry." *Lowry v. State*, 364 Ark. at 24-25, 216 S.W.3d at 113. As Respondent points out, the jury would have heard the same evidence had the State had the opportunity to call Heath on rebuttal; therefore, he cannot demonstrate an error so prejudicial as to be a denial of due process.

### *D. Ground Four*

In ground four, Petitioner argues his Fourteenth Amendment right was violated by the trial court's failure to grant his motion for a continuance after the State, just two days prior to trial, presented additional discovery materials to defense counsel. As with ground three, Petitioner did not fairly present the federal constitutional dimension of this claim to the state court; therefore, he is procedurally barred from asserting it now. *Anderson v. v. Harless*, *supra*.

Nevertheless, had the argument been fairly presented to the state court, Petitioner would not be entitled to habeas relief. The denial of a motion for continuance is fundamentally unfair when it results in a denial of a defendant's constitutional rights. *See Wade v. Armontrout*, 798 F.2d 304, 307 (8th Cir. 1986). The court does not find Petitioner has met that burden. On June 2, 2003, two days before the case was set for trial, the State tendered copies of a handwritten report from the fire inspector, Petitioner's phone records,

10

and a recorded statement by Petitioner that had previously been summarized in an affidavit he received as part of the original discovery. Petitioner's counsel sought a continuance, complaining she would not have time to read the materials and go over them with her client in preparation for trial. The trial court denied the continuance, but told defense counsel that it would entertain a motion to exclude the materials as evidence in the event the State attempted to use them at trial. (RR. 14)[2] At no time did Petitioner object to the introduction, or reference to, any of the materials, and he has failed to show he was prejudiced in any way. Therefore, the court concludes the denial of Petitioner's motion for a continuance did not render the trial fundamentally unfair.

## D. *Ground Five*

In his fifth and final ground for habeas relief, Petitioner asserts that, although a record reconstruction proceeding took place after the court reporter admitted she kept no record of bench conferences, in-chamber proceedings, or reading of the jury instructions, his Fourteenth Amendment right was violated because she failed to transcribe one of the most important in-chamber proceedings regarding the jury's request for information. Petitioner did not raise this ground in the prior state court proceedings, and it is procedurally defaulted. *See e.g.*, Jolly *v. Gammon*, 28 F.3d 51, 53 (8th Cir.), *cert. denied*, 513 U.S. 983 (1994) (to avoid procedural default, a petitioner must have presented his claims at each step of the judicial process in state court).

Furthermore, the mere absence of a perfect transcript does not, in itself, constitute the

---

[2] A reconstruction hearing was held to complete the trial record. Citations to the reconstructed record are noted as "RR.," followed by the record page number.

denial of due process, and the defects are not remediable by federal habeas corpus. *Mitchell v. Wyrick*, 536 F. Supp. 395, 402 (E.D. Mo. 1982), *aff'd*, 698 F.2d 940 (8th Cir.), *cert. denied*, 462 U.S. 1135 (1983) (citing *United States ex rel. Hunter v. Follette*, 307 F. Supp. 1023, 1025 (S.D.N.Y. 1969), *aff'd*, 420 F.2d 779 (2nd Cir.), *cert. denied*, 397 U.S. 1067 (1970); *Huffman v. State of Missouri*, 399 F. Supp. 1196, 1208 (W.D. Mo. 1975), *aff'd*, 527 F.2d 899 (8th Cir.), *cert. denied*, 426 U.S. 924 (1976)). "A due process issue is raised by this ground only if the defects have precluded petitioner from asserting an alleged constitutional violation in his trial." *Id*. In Arkansas, the presumption must be indulged that a transcript of a case filed in the state court contains a true and perfect copy of the record, if properly certified by the clerk. *Massey v. Kissire*, 149 Ark. 215, 232 S.W. 24 (Ark. 1921). Here, a reconstruction hearing was held specifically to complete the trial record, and Petitioner has not asserted how the alleged record defect prevented him from asserting any specific constitutional violation at his trial.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 19th day of March, 2010.

_____
United States Magistrate Judge